# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 17 2019, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Jenny R. Buchheit
Stephen E. Reynolds
Gregory W. Pottorff
Ice Miller LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Civil Commitment of:

K.G.,

*Appellant-Respondent,*

v.

Community Health Network, Inc.,

*Appellee-Petitioner.*

July 17, 2019

Court of Appeals Case No. 18A-MH-1211

Appeal from the Marion Superior Court

The Honorable Gerald S. Zore, Senior Judge

Trial Court Cause No. 49D08-1804-MH-14925

**Pyle, Judge.**

# Decision

[1]  K.G. appeals the trial court's order of his involuntary temporary commitment and forced medication by injection, contending that it was not supported by clear and convincing evidence. As both parties concede, K.G. has been released from his involuntary temporary commitment. Therefore, this court cannot render effective relief to him.

[2]  "When a court is unable to render effective relief to a party, the case is deemed moot and usually dismissed." *In re Commitment of J.B.*, 766 N.E.2d 795, 798 (Ind. Ct. App. 2002) (citing *In the Matter of Sue Ann Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). A moot case nevertheless may be decided on its merits when it "involves questions of great public interest", *id.* (internal quotation omitted), and the question of how persons subject to involuntary commitment are treated by our trial courts is certainly one of great importance to society. *See In re Mental Commitment of M.P.*, 510 N.E.2d 645, 646 (Ind. 1987) (noting that the statute granting a patient the right to refuse treatment "profoundly affirms the value and dignity of the individual and the commitment of this society to insuring humane treatment of those we confine"). However, we have previously considered, discussed, and resolved the specific issues that K.G. raises in his appeal. *See, e.g.*, *B.D. v. Indiana University Health Bloomington*, 121 N.E.3d 1044 (Ind. Ct. App. 2019); (addressing the issues of temporary commitment and forced medication injections). We therefore dismiss K.G.'s appeal.

Dismissed.

Najam, J., and Crone, J., concur.